UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHARITA PATTERSON; C.P.[1], | |
| Plaintiffs, | |
| -against- | 25-CV-1438 (LTS) |
| SERGEANT JENKINS SHIELD NO. 730; SERGEANT NEALEY SHIELD NO. 470; OFFICER BROZOSKI SHIELD NO. 7545; OFFICER NEDIEL SHIELD NO. 3530; OFFICER PSAHOS SHIELD NO. 3868; PROSECUTOR SAFIYA SERONE-EDWARDS; PROSECUTOR MELINA LEE SKINNER-CIFUENTES; JUDGE BETSEY JEAN-JACQUES, | ORDER OF DISMISSAL WITH LEAVE TO REPLEAD |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated her federally protected rights and the rights of her minor son, C.P. By order dated March 10, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

---

[1] C.P. is Plaintiff's minor child. Under Federal Rule of Civil Procedure 5.2(a)(3), she should refer to her minor children only by their initials. *See Patterson v. City of New York*, No. 25-CV-1439 (LLS) (S.D.N.Y. Aug. 6, 2025) (alerting Plaintiff to refer to minor children only by initials).

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

### BACKGROUND

The events giving rise to this complaint occurred on October 31, 2024, in New York County Family Court. The named Defendants are: (1) Judge Betsey Jean-Jacques; (2) New York City Law Department attorneys Safiya Serone-Edwards and Melina Lee Skinner-Cifuentes; and (3) Sergeant Jenkins, Sergeant Nealey, Officer Brozoski, Officer Nediel, and Officer Psahos, who

appear to be court officers. Plaintiff's minor son, C.P., was the subject of juvenile delinquency proceedings.[2] Judge Jean-Jacques sought to assign an attorney to represent C.P. in the proceedings; Plaintiff objected on the grounds that she holds C.P.'s power of attorney and the judge lacked "lawful authority" to "enforce legal representation on" C.P. (*Id.* at 2.) She further claims that attorneys Serone-Edwards and Skinner-Cifuentes, "through coercive statements," sought to "compel" Plaintiff and her son to "submit to the court's imposed jurisdiction." (*Id.*)

Plaintiff claims that Judge Jean-Jacques threatened her with contempt of court "without cause" because "there was no contract or lawful authority compelling Plaintiff to silence her objections, especially regarding the imposition of counsel upon her son against his and" Plaintiff's wishes. (*Id.* at 3.) Thereafter, Sergeant Jenkins "physically menaced" her, the other officers used "aggressive body language and gestures" to "abruptly target[] and intimidate[]" her, and they then escorted Plaintiff out of the courtroom under threats of arrest. (*Id.*)

Plaintiff asserts that Defendants violated her rights to "Freedom of Speech," "Freedom of Expression," and due process, and that they also engaged in behavior constituting assault and menacing in violation of New York Penal Law § 120.00. (*Id.*) Plaintiff seeks declaratory relief and money damages. (*Id.* at 4.)

## DISCUSSION

### A.    Claims on behalf of C.P.

Patterson's claims filed on behalf of C.P. cannot proceed. A "parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child." *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005); *Cheung v. Youth Orchestra Found.*

---

[2] In another complaint pending in this court, Plaintiff alleges that C.P. was arrested based on "fabricated and unlawful NYPD reports." *Patterson v. City of New York*, No. 25-CV-1439 (S.D.N.Y. amended complaint filed Aug. 14, 2025), ECF 8 at 1.

*of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (holding that minor children "are entitled to trained legal assistance so their rights may be fully protected."). A court may not properly make a merits determination of claims filed on behalf of a minor who is not properly represented. *See Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009); *Patterson v. City of New York*, No. 25-CV-1439 (LLS) (S.D.N.Y. Aug. 6, 2025) (dismissing Plaintiff's claims asserted on behalf of her minor sons).

Because Plaintiff, a non-attorney parent, may not appear *pro se* on behalf of C.P., a minor, notwithstanding that she has been granted his power of attorney, the Court dismisses any claims she asserts on his behalf for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal is without prejudice to any claims that an attorney might file on C.P.'s behalf.

## B.    The named Defendants

### 1.    The government attorneys

The Court must dismiss Plaintiff's Section 1983 claims for damages against Attorneys Serone-Edwards and Skinner-Cifuentes, who were representing the City of New York in the Family Court proceedings involving C.P. A government attorney is immune from suit under Section 1983 for damages "when functioning as an advocate of the state in a way that is intimately associated with the judicial process." *Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006). This immunity applies to government attorneys who perform functions "'that can fairly be characterized as closely associated with the conduct of litigation or potential litigation' in civil suits," *id*. (quoting *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986)), and has been specifically extended to an attorney for claims against her that "relate to [her] acts . . . within the scope of her job representing the City of New York in a family court proceeding," *Bey v. Antoine*, No. 19-CV-1877, 2019 WL 3081458, at *5 (E.D.N.Y. July 15, 2019); *Johnson v. City*

4

*of New York*, No. 16-CV-2879, 2019 WL-2393716, at *4 (E.D.N.Y. June 6, 2019) (holding that government-attorney immunity applies to assistant corporation counsels); *cf. Cornejo v. Bell*, 592 F.3d 121, 128 (2d Cir. 2010) (holding that "an attorney for a county Department of Social Services who 'initiates and prosecutes child protective orders and represents the interests of the Department and the County in Family Court' is entitled to absolute immunity.") (citation omitted).

Plaintiff asserts Section 1983 claims against Attorneys Serone-Edwards and Skinner-Cifuentes in connection with their litigation activity in Family Court on behalf of the New York City Corporation Counsel. In that capacity, they are entitled to immunity. The Court therefore dismisses Plaintiff's Section 1983 claims for damages against them under the doctrine of government attorney immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

2.    Judge Betsey Jean-Jacques

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Conclusory allegations that a judge acted without jurisdiction are insufficient to overcome judicial immunity. *See Brady v. Marks,* 7 F. Supp. 2d 247, 251-52 (W.D.N.Y. 1998).

Moreover, 42 U.S.C. § 1983, as amended in 1996, provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Where an appeal is available, declaratory relief is available. *See, e.g.*, *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

Plaintiff alleges that Judge Jean-Jacques sought to assign counsel to C.P. in the proceedings before her over Plaintiff's objections,[3] threatened Plaintiff with contempt for Plaintiff's behavior in the courtroom, and had Plaintiff removed from the courtroom under threat of arrest for contempt. These allegations do not suggest that Judge Jean Jacques acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 502 U.S. at 11-12; *Shtrauch v. Dowd*, 651 F. App'x 72, 74 (2d Cir. 2016) (summary order) (holding that the defendant was entitled to judicial immunity because the act underlying the plaintiff's claims—his removal from court—was "a function typically performed by a judge in his judicial capacity and in relation to an individual case."); *Levine v. Lawrence*, No. 03-CV-1694, 2005 WL 1412143, at

---

[3] A juvenile has a right to legal representation in Family Court, either by counsel of his or choosing or by a court-appointed law guardian. *See Application of Gault*, 387 U.S. 1, 34 (1967); New York Family Court Act (FCA) §§ 249, 320.3. A minor involved in a juvenile delinquency proceeding is "presumed to lack the requisite knowledge and maturity to waive the appointment of a law guardian," FCA Section 249-a, and the statute requires him to demonstrate by clear and convincing evidence that he understands "the possible dispositional alternatives . . . [and] possesses the maturity, knowledge and intelligence necessary to conduct his own defense." *Matter of Dillon Z.*, 845 N.Y.S.2d 479, 2007 WL 3101760 (3d Dep't Oct. 25, 2007).

*6-7 (E.D.N.Y. June 15, 2005) (holding that a state court judge "clearly acted within his jurisdiction when he had Levine removed from his courtroom, and when he convicted him of contempt, and is thus absolutely judicially immune from Levine's suit.").

Because Plaintiff sues Judge Jean-Jacques for "acts arising out of, or related to" an individual case before her, she is immune from suit for such claims. *Bliven*, 579 F.3d at 210. Moreover, to the extent Plaintiff seeks declaratory or injunctive relief, she alleges no facts suggesting that Judge Jean-Jacques violated a declaratory decree, that declaratory relief was unavailable, or that an appeal was unavailable. *See Butz v. Economou*, 438 U.S. 478, 514 (1978) (holding that, instead of suing the judge, "[t]hose who complain of error" in court proceedings must seek "judicial review."); *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

The Court therefore dismisses Plaintiff's claims for injunctive and declaratory relief against Judge Jean-Jacques under the doctrine of judicial immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

3.      The court officers

The Supreme Court has extended absolute judicial immunity "to certain others who perform functions closely associated with the judicial process." *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985). Courts have generally found that law enforcement officials are protected by quasi-judicial immunity when performing discretionary acts of a judicial nature which are essential to the judicial process. *See Richman v. Sheahan*, 270 F.3d 430, 435 (7th Cir. 2001) ("The absolute immunity afforded to judges has been extended to apply to 'quasi-judicial conduct' of '[n]on-judicial officials whose official duties have an integral relationship with the judicial process.'") (citation omitted); *Roland v. Phillips*, 19 F.3d 552, 555-56 (11th Cir. 1994)

7

(citing cases holding that law enforcement officials executing facially valid court orders are protected by quasi-judicial immunity); *Bowers v. U.S.*, 931 F. Supp. 2d 358, 367 (D. Conn. 2013) ("Several district courts in this Circuit have found the execution of valid court orders to entitle sheriffs and others to absolute quasi-judicial immunity.") (collecting cases); *Maldonado v. New York Cnty. Sheriff*, No. 05-CV-8377 (JGK), 2006 WL 2588911, at *5 (S.D.N.Y. Sept. 6, 2006) ("[P]ersons who faithfully execute valid court orders are absolutely immune from liability for damages in actions challenging conduct authorized by the order.") (citation omitted).

Courts have differed, however, on the extent that judicial immunity applies in the context of court officers executing a judge's order to arrest a person. Neither the Supreme Court nor the Second Circuit has addressed the applicability of quasi-judicial immunity to court officers' conduct while responding to a judge's order, and there is a split among the circuit courts that have addressed the issue. *Bey ex rel. Palmgren v. Conte*, No. 18-CV-9594 (CM), 2019 WL 1745672, at *3 (S.D.N.Y. Apr. 18, 2019) (identifying split among circuit courts). A majority of courts considering the issue have distinguished "between claims based on the actions actually authorized by court order, which are barred by quasi-judicial immunity, and those based on the manner in which a court order is enforced, which are not." *See Russell v. Richardson*, 905 F.3d 239, 248-51 (3d Cir. 2018) (officer enforcing PINS order is not entitled to quasi-judicial immunity for shooting the plaintiff; the court makes it explicit that quasi-judicial immunity extends only to the execution of a court order and not the manner of its execution); *Brooks v. Clark Cnty.*, 828 F.3d 910, 917-19 (9th Cir. 2016) (rejecting quasi-judicial immunity for a courtroom marshal accused of using excessive force when executing a judge's order to remove a disruptive individual); *Richman v. Sheahan*, 270 F.3d 430, 436 (7th Cir. 2001) ("[W]hen the conduct directly challenged is not the judge's decision making, but the manner in which that

8

decision is enforced, . . . the law enforcement officer's fidelity to the specific orders of the judge marks the boundary for labeling the act 'quasi-judicial.'"); *Martin v. Bd. of Cnty. Comm'rs*, 909 F.2d 402, 405 (10th Cir. 1990) (holding that officers charged with employing excessive force to execute a bench warrant were not entitled to absolute immunity, and "conclud[ing] that absolute immunity does not protect defendants from damage claims directed not to the conduct prescribed in the court order itself but to the manner of its execution").[4]

Here, even if the Court were to take this more limited approach to quasi-judicial immunity adopted by the majority of circuit courts—that it extends only to the act authorized by court order and not to the manner in which it is executed—based on Plaintiff's assertions, the court officers are entitled to quasi-judicial immunity. Plaintiff is essentially challenging the judge's direction to the court officers to remove her from the courtroom under threat of arrest, rather than the manner in which they executed her removal. (ECF 1 at 2.) To the extent Plaintiff brings claims against the court officers for following the judge's order to remove her from the courtroom, they are entitled to quasi-judicial immunity and the claims must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(iii).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

---

[4] The Eighth Circuit, adopting the minority approach, extended quasi-judicial immunity to an officer who used excessive force in restraining an individual in court at a judge's direction. *See Martin v. Hendren*, 127 F.3d 720, 722 (8th Cir. 1997) (holding that officer directed by judge to restore order to courtroom is entitled to quasi-judicial immunity for handcuffing and removing individual from courtroom, and stating "[b]ecause judges frequently encounter disruptive individuals in their courtrooms, exposing bailiffs and other court security officers to potential liability for acting on a judge's courtroom orders could breed a dangerous, even fatal, hesitation.")

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

With respect to Plaintiff's claims *solely against the court officers*, the Court cannot say at this stage that an amendment would be futile. The Court therefore grants Plaintiff thirty days' leave to submit an amended complaint, should she wish to do so, to replead her claims against the court officers. In other words, Plaintiff is granted leave to file an amended complaint to provide additional facts regarding the manner in which the court officers executed the judge's order to escort her from the courtroom. Plaintiff must name each Defendant who was involved, describe what role each one played in what occurred, and explain what each person did that allegedly violated her constitutional rights.

## CONCLUSION

The complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted, and on immunity grounds, 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), with 30 days' leave to replead her claim against the court officers, as set forth in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:   February 10, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

11